IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: ___3:26-cr-00572___ |
| ·v. | |
| **ADRIANNA CONYERS**<br>a/k/a **Danielle Conyers**<br>a/k/a **Danielle Bethea** | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this __5ᵗʰ__ day of __June__, 2026, between the United States of America, as represented by United States Attorney BRYAN P. STIRLING, Assistant United States Attorney Elliott B. Daniels and Special Assistant United States Attorney Samantha Usher; the Defendant, **ADRIANNA CONYERS, a/k/a "Danielle Conyers," a/k/a "Danielle Bethea,"** and Defendant's attorney, Benjamin A. Stitely, Esq.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.   The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, "*Honest Services Wire Fraud Conspiracy,*" a violation of 18 U.S.C. §§ 1343, 1346, 1349.  In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1
*(Honest Services Wire Fraud Conspiracy)*

A.   First, there was a conspiracy or agreement between two or more persons to commit honest services wire fraud, that is:

   i.   First, the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of the public official through bribery or kickbacks;

ii. Second, the defendant did so knowingly and with an intent to defraud;

iii. Third, the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of fact; and

iv. In advancing, or furthering, or carrying out the scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate or foreign commerce.

B. Second, the defendant knew of the agreement or conspiracy; and

C. Third, the defendant knowingly and intentionally joined the agreement or conspiracy.

*The penalty for this offense is*:

A maximum term of imprisonment of 20 years, a fine of $250,000 and a term of supervised release of 3 years in addition to any term of imprisonment, plus a special assessment of $100.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. *Special Assessment*: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is

convicted. This special assessment must be paid as directed by the Court or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.  *Restitution*: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.  *Fines*: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.  The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

4.  Provided the Defendant complies with all of the terms of the Agreement, the U.S. Attorney's Office for the District of South Carolina agrees not to file any additional charges against the Defendant for conduct associated with the honest services wire fraud scheme

that operated from approximately August 2018 through May 2023 as described in the Information filed together with this plea agreement.

5. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crimes, stemming from conduct between August 2018 to September 2023, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the Richland County Solicitor's Office or the S.C. Attorney General's Office. Furthermore, the Defendant fully understands that he/she has no right to withdraw his/her guilty plea should such recommendation not be followed by the Richland County Solicitor's Office or the S.C. Attorney General's Office.

6. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement,

and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7.    The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

8.    The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9.    The parties hereby agree that this Plea Agreement, together with any written provisions disclosed during the Rule 11 plea hearing in accordance with Fed. R. Crim. P. 11(c)(2), contain the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction in this matter; that this Agreement may be modified only in writing signed by

all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

6-5-26
_____
Date

_____
ADRIANNA CONYERS
Defendant

6-5-26
_____
Date

_____
Benjamin A. Stitely, Esq.
Defense Attorney

BRYAN P. STIRLING
UNITED STATES ATTORNEY

6.25.2026
_____
Date

_____
Elliott B. Daniels (Fed. No. 11931)
Assistant United States Attorney
Samantha E. Usher
Special Assistant United States Attorney